THE STATE OF FLORIDA *ex rel.* R. R. RILEY, *Relator,* v. W. S. CAWTHON, STATE SUPERINTENDENT OF PUBLIC INSTRUCTION, *Respondent.*

En Banc.

Opinion Filed March 27, 1925.

An alternative writ of mandamus commanding the State Superintendent of Public Instruction to issue a teacher's Life State Certificate, will be quashed when it does not allege that the relator has complied with the statute by duly "presenting satisfactory evidence of having taught successfully in a high school or college for a period of twenty-four months under a State Certificate."

A case of original jurisdiction.

Peremptory writ denied.

*R. B. Sturkie* and *Fred H. Davis,* for Relator;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant Attorney General, for Respondent.

PER CURIAM.—An alternative writ of mandamus issued by this court alleges that R. R. Riley, the relator, held a Teacher's State Certificate issued to him June 23, 1919; that by virtue of such certificate he has taught in stated high schools of the State of Florida for the period of twenty-four full months and more; that pursuant to Chapter 9122, Acts of 1923, he on April 4, 1924, filed an application with the respondent as State Superintendent of Public Instruction, requesting that a Life State Certificate be issued to him under the provisions of Sections 15 and 16 of Chapter 9122; that said application was accompanied by endorsements signed by stated persons together with certificates of three holders of Life State Certificates or Life Graduate State Certificates, showing the possession of eminent ability, both as a teacher and a disciplinarian, and that petitioner has complied with each and every requirement, rule and regulation provided by law as a condition precedent to obtaining said certificate from the respondent, that respondent has declined to issue a Life State Certificate to relator. The command of the writ is that the respondent "as State Superintendent of Public Instruction of the State of Florida, forthwith do issue and deliver to the petitioner herein, R. R. Riley, a Life State Certificate, good in any part of the State and of perpetual validity as provided by Paragraph 15, Chapter 9122, Acts of 1923, or that you" show cause for not doing so.

The respondent filed a return setting up matters that tend to show the relator had not "taught successfully" in a high school or college of the State, and that he is not a proper person to whom a Life State Certificate should be issued.

The relator moves for a peremptory writ and thereby admits the sufficient averments of the respondent's return.

The statutory provision referred to is as follows:

"Any applicant filing with the State Superintendent of

Public Instruction a valid State Certificate issued in this State, and presenting satisfactory evidence of having taught successfully in a high school or college for a period of twenty-four months under a State Certificate, and presenting endorsement of three holders of Life State or Life Graduate State Certificates as possessing eminent ability both as a teacher and disciplinarian, shall receive a Life State Certificate.'' Sec. 15, Chap. 9122, Acts of 1923.

One of the requirements of the statute as a prerequisite to the granting of a Life State Certificate, is that the applicant shall present to the State Superintendent of Public Instruction ''satisfactory evidence of having taught successfully in a high school or college for a period of twenty-four months under a State Certificate.''

Without reference to the averments of the return, the alternative writ contains no allegation that the required ''satisfactory evidence'' was presented pursuant to the statute as a basis for issuing Life State Certificate, therefor the relator shows no right to a peremptory writ.

Peremptory writ denied.

WEST, C. J., AND WHITFIELD, ELLIS, BROWNE, TERRELL AND STRUM, J. J., concur.