STATE OF FLORIDA *ex rel.* J. E. SHARP v. L. L. LEE, as City Manager of the City of Miami, Florida; DANIEL G. REYNOLDS, as Director of Public Safety of the City of Miami, and GEORGE W. LANGFORD, as Secretary and Chief Examiner of the Civil Service Board of the City of Miami, a Municipal Corporation; and H. R. CHASE, as Chief of the Fire Division, Department of Public Safety, City of Miami, and the City of Miami, a Municipal Corporation.

.3 So. (2nd) 372
Special Division B
Opinion Filed July 1, 1941

*Jack Moore,* for Appellant;

*Lewis Twyman* and *J. W. Watson, Jr.,* for Appellees.

CHAPMAN, J.—An alternative writ of mandamus issuing out of the Circuit Court of Dade County, Florida, *inter alia,* alleged that the relator, J. E. Sharp, on May 17, 1921, was an employee of the fire department of the City of Miami and under Section 66 of Chapter 10847, Special Acts of 1925, being the Charter of the City of Miami, became an employee in the classified service and continued as such and on December 27,

1938, took the civil service examination of the city and made a passing grade of 95.12% and thereby became eligible for promotion as a lieutenant in the fire division, and on February 29, 1939, was promoted by the civil service board of said city, and assumed the duties òf lieutenant in the fire department thereof.

On July 12, 1939, the relator received a letter from H. R. Chase, chief of the fire division, in which he recommended to the director of public safety for certain enumerated reasons that the relator be reduced in rank from the position of a lieutenant in the fire division to the position of and to be assigned duties as a first class fireman. The position of lieutenant of the fire division paid a salary of $175.00 per month, while the position of first class fireman paid the sum of $160.00 per month. On July 19, 1939, the recommendations as made by the chief of the fire division were approved and adopted by the director of public safety and the demotion was effective July 18, 1939.

The relator alleged that he was illegally demoted in contravention of the several provisions of Sections 25, 65 (a) and 65 (b) of Chapter 10847, Special Acts of 1925, in that no charges were preferred against him and no hearing allowed and he has been denied the right and privilege of being heard on the merits of the order which demoted him from the duties of a lieutenant of the fire department, with compensation at the sum of $175.00 per month, to the duties of first class fireman, with compensation at $160.00 per month. The order of demotion is challenged as being contrary to the above mentioned provisions of the charter and he seeks a peremptory writ of mandamus to be directed to the officers of the City of Miami commanding a restoration to the rank and duties of lieutenant in the

fire division of public safety, with compensation at $175.00 per month, and the payment to him of the monthly difference in compensation of $15.00 per month which he received as first class fireman.

In an answer by the City of Miami it is admitted that the relator had been an employee of the city and a member of the classified service, but that his appointment as a lieutenant in the fire department on February 29, 1939, was not permanent but that he held the appointment as temporary or probationary lieutenant and the provisions of Sections 25, 65 (a) and 65 (b) were inapplicable to temporary or probationary lieutenants of the fire division.

The civil service board, under the provision of Section 63 of Chapter 10847, Special Acts of 1925, adopted and promulgated rules effective and binding on employees of the city, inclusive of the relator at the time of receiving his temporary demotion of February 29, 1939, and the rules are viz.:

"Rule 7. Application for position in the division of fire.

"Sec. 4. No appointment or promotion in the department of Public safety shall be deemed complete until a period of probation of twelve months has elapsed (and such promotion or permanent appointment must be approved by the civil service board), and a probationer may be discharged or reduced at any time within the said period of twelve months or at any other time prior to having received permanent appointment of the department of public service.

"Rule 12.

"Sec. 8. 'A' No appointment or promotion in any department, excepting the department of public safety where the probationary period is twelve months, shall

be deemed complete until a period of probation of six months has elapsed, and a probationer may be discharged or reduced at any time within the said period of six months or any other time prior to having received permanent appointment, upon the recommendation of the director of the department in which said probationer is employed."

"3. . . .

"That no appointment or promotion in the department of public safety shall be deemed complete until a period of probation not to exceed twelve months, has elapsed and a probationer may be discharged or reduced at any time within the said period of twelve months upon the recommendation of the director of the department of public safety. That this change is not to affect employees whose appointments have become permanent by virtue of six months' service under Section 8, Rule 12 adopted December 2, 1935."

"4. . . .

"Any employee of the City of Miami who holds a civil service rank and is appointed by the city commission or city manager to be head of a department of the City of Miami or to any other position not under civil service, must be returned to the rank from which he was promoted upon receipt of request from such employee, be and the same is hereby approved and affirmed by the commission of the City of Miami."

The relator filed his motion for a peremptory writ, notwithstanding the answer or return made by the City of Miami to the alternative writ of the relator, upon the grounds: (1) that the relator was a member of the civil service of the City of Miami as defined by Sub-section 2 of Section 62 of Chapter 10847, *supra,* and that the demotion order was in contravention of

Sections 25, 65 (a) and 65 (b); (2) that the rules *supra* promulgated and adopted by the civil service board under Section 63 of the city charter are each in contravention thereof, illegal, invalid and cannot support the demotion order complained of; (3) the suspension or demotion order complained of and predicated on the aforesaid rules is contrary to the controlling provisions of Chapter 10847, and the rules so promulgated are vague, indefinite, and the probation period therein fixed at twelve months is ineffective and inapplicable to employees of the classified civil service.

The motion of the relator for a peremptory writ, notwithstanding the answer or return of the respondents, was denied and a final judgment of dismissal entered on December 31, 1940, and an appeal therefrom has been perfected to this Court.

It is established law that where an answer or return to an alternative writ of mandamus sets up a defense sufficient to bar or preclude the issuance of a peremptory writ, a motion for a peremptory writ, the answer or return to the contrary notwithstanding, should be dismissed. See State *ex rel.* Gillespie v. Carlton, 103 Fla. 810, 138 So. 612; State *ex rel.* Riley v. Cawthon, 89 Fla. 299, 103 So. 628.

Counsel for the parties are practically in accord on the facts of the controversy. The relator was an employee of the city when the civil service provision of the charter became effective. His services were rendered in connection with the fire department. We are inclined to the view that he was employed as a fireman by the city at the time of taking the promotional examination given by the civil service board. The employment status here is not challenged but the per-

manency of a promotion in the line of employment, coupled with an increase in salary. The plaintiff in error contends that the promotion to a lieutenancy of the fire department with an increase in salary resulting from a civil service examination held by the city was permanent, while the city contends that the promotion to a lieutenancy under the civil service was temporary or probationary and not permanent and that the demotion order complained of could have been entered under a rule of the civil service at any time within twelve months after February 29, 1939.

Counsel for plaintiff in error contends that the civil service rule requiring probationary service for a period of twelve months after February 29, 1939, on the part of the relator before said promotion order became permanent is invalid, void, and not authorized by Section 63 of the city charter. This section of the charter authorizes the board to adopt rules providing for the appointment and employment in all positions in the classified service based on merit, efficiency, character and industry, and the rules shall have the force and effect of law. Section 64 provides for promotions to all positions in the classified service based on the records of merit, efficiency, character, conduct and seniority. The delegation by the Legislature of power to formulate, promulgate and adopt a code of rules and regulations on the part of the administrative officers and boards is well settled in Florida and is sustained by several decisions of this Court, as well as by many other jurisdictions. See Mayo v. The Texas Oil Co., 137 Fla. 218, 188 So. 206. The reasonableness of the challenged rule or rules is not presented and a consideration or decision thereof is unnecessary for a decision of the case at bar.

The several reasons advanced in support of the contention that the challenged rules are invalid have carefully been weighed and considered by this Court. Bryan v. Landis, 106 Fla. 19, 142 So. 650; State *ex rel.* Bauder v. Markle, 107 Fla. 742, 142 So. 822; State *ex rel.* Norris v. Chancey, 129 Fla. 194, 176 So. 78, 113 A. L. R. 576, and other authorities cited, have been examined in the light of the several contentions of counsel for plaintiff in error. We have not been able to find error in the record.

The judgment appealed from is hereby affirmed.

BROWN, C. J., TERRELL and BUFORD, J. J., concur.